FILED
CLERK

11/8/2013 4:16 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
FIERMAN PRODUCE EXCHANGE, INC.,

               Plaintiff,

       - against -

PT TRUCKING 11 CORP. t/a PT,
FRESH KING, INC. d/b/a ASSOCIATED,
PAK O. AVENUE CORP. d/b/a ASSOCIATED,
JIN IL LEE, EUN JOO LEE and UI K. KIM,

               Defendants.
-----------------------------------------------------------------X

Case No. 13-cv-5693 (LDW)(ARL)

**STIPULATION AND ORDER**

Plaintiff Fierman Produce Exchange, Inc. ("Plaintiff") and defendants Ui K. Lee incorrectly sued herein as Ui K. Kim ("Lee") (Plaintiff and Lee collectively, the "Parties") consent, by and through their attorneys, agree and stipulate to the following:

       1.      Plaintiff is a trust creditor under the provisions of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499a *et seq.*, of Lee for a debt in the principal amount of $225,900.75, plus reasonable attorneys' fees and legal expenses in the amount of $4,250.00 and accrued interest in the amount of $8,644.38, for a total trust debt of $238,795.13 (the "PACA Debt").

       2.      Lee shall pay Plaintiff, for full and final satisfaction of Plaintiff's claim subject to the terms of this Stipulation and Order, and Plaintiff shall accept, the sum of $230,150.75, plus accrued interest on the declining balance (the "Settlement Amount"). The Settlement Amount shall be paid as follows: the sum of $52,000.00 on or before November 11, 2013 (the "Initial Payment"); the sum of $1,775.00 per week, plus accrued interest as set forth herein, commencing November 13, 2013, with successive payments of $1,775.00 per week, plus accrued interest, being made on or before the Wednesday of each week until the Settlement is paid in full with a

- 1 -

final payment of $657.63 on October 14, 2015. Interest shall accrue on the declining balance due at the rate of 6.5% per annum. A schedule of payments is annexed hereto as <u>Exhibit A</u>. All payments under this stipulation shall be paid so as to be received by Plaintiff on or before 3:00 PM on the date due, TIME BEING OF THE ESSENCE. All payments shall be made by bank check, money order or wire transfer payable to Fierman Produce Exchange, Inc. and delivered to Fierman Produce Exchange, Inc., 250-257 Row B, NYC Terminal Market, Hunts Point, Bronx, New York 10474, so as to be received by Plaintiff on or before the date payment is due.

3.      It shall be deemed an event of default of this Stipulation and Order if the instrument for payment tendered by Lee as partial payment of the Settlement Amount is returned by Plaintiff's bank for insufficient funds or any other reason arising from Lee's actions or omissions.

4.      If Lee defaults in his obligations as set forth in paragraphs 2 and 3 he shall have the right to cure such default by paying the amount due, together with any fees assessed by any financial institution arising from the dishonoring of Lee's instrument for payment, within three (3) business days after notice of such default is sent to Lee's counsel via email at yschoilaw@gmail.com. Notwithstanding the foregoing, Lee's right to cure a default in making the payments as provided hereinabove shall be limited to two (2) such occurrences, and this provision is of the essence.

5.      If Lee defaults in his obligations as set forth in paragraphs 2 and 3, and either fails to cure or is not permitted to cure in accordance with paragraph 4 herein, then upon the filing of a declaration as to such default by Plaintiff's attorney with the Court with a copy thereof to Lee's counsel, this Court shall immediately enter a Final Order and Judgment in the form attached hereto as <u>Exhibit B</u>. The Judgment amount in favor of Plaintiff and against Lee shall be the

- 2 -

PACA Debt plus any additional attorneys' fees and costs incurred as a result of Lee's default, and accrued interest at the rate set forth in Plaintiff's invoices to Lee, less any payments made to Plaintiff pursuant to this Stipulation and Order.

6.      Plaintiff's complaint is hereby deemed amended to name defendant Lee as "Ui K. Lee a/k/a Ui K. Kim."

7.      Upon the clearing of the Initial Payment into Plaintiff's bank account, Plaintiff shall resume selling produce to Lee on twenty-one day payment terms (the "New Business"). Nothing herein shall be construed as imposing an obligation on Plaintiff to continue to sell produce to Lee, which decision shall be made at Plaintiff's sole and exclusive discretion. All invoices sent to Lee in connection with the New Business shall be paid by Lee in the order received and on the terms specified on the face of each new invoice.

8.      All checks tendered by Lee in connection with the New Business must be honored by the bank on which the funds are drawn. In the event any check tendered by Lee in connection with the New Business is dishonored for insufficient funds or any other reason arising from Lee's actions or omissions, all unpaid invoices shall become immediately due and payable without regard to the terms printed on the face of Plaintiff's invoices to Lee. If Plaintiff does not thereafter receive immediate payment for the entire sum due in connection with the New Business, Plaintiff shall be entitled to any and all remedies available at law or equity, including but not limited to injunctive relief, it being expressly understood that Plaintiff is a valid PACA trust creditor of Lee, and that Lee's failure to tender timely and valid payment for produce received from Plaintiff constitutes *prima facie* evidence that Lee has dissipated PACA trust assets.

9.      The Parties' agreement to the payments set forth in paragraph 2 is without prejudice to Plaintiff's standing as a PACA trust creditor as set forth in paragraph 1 above and nothing herein shall be deemed a waiver of those rights as contemplated by 7 C.F.R. 46.46(c)(2) and 7 C.F.R. 46.46(e)(3). The original credit terms between the Parties are not intended to be modified, nor are they modified by this Stipulation and Order. Nothing herein, nor the installment nature of the payments being made hereunder, shall be deemed, interpreted or otherwise construed as an extension of credit by Plaintiff to Lee, nor as a waiver of Plaintiff's rights under the PACA statutory trust as set forth in 7 U.S.C. § 499e(c), and Plaintiff's rights under this Stipulation and Order are in addition to its rights under said trust.

10.     Upon the clearing of the Initial Payment into Plaintiff's bank account, Plaintiff shall file a notice of dismissal without prejudice against defendants PT Trucking 11 Corp. t/a PT, Fresh King, Inc. d/b/a Associated, Pak O. Avenue Corp. d/b/a Associated, Jin Il Lee and Eun Joo Lee in the form annexed hereto as Exhibit C.

11.     This Stipulation and Order may be executed by the Parties or by the Parties' authorized counsel acting with active authority from their principal in Counterparts, and collectively all signed Counterparts represent one agreement.

12.     The Parties acknowledge having had the opportunity to discuss this Stipulation and Order with their respective attorneys, and that they have availed themselves of that opportunity to the extent they have desired to do so.

13.     The Court shall retain jurisdiction over the Parties during the pendency of the application of this Stipulation and Order.

14.     This case shall be administratively closed, but may be reopened to enforce the terms of the Stipulation and Order.

- 4 -

15.     This Stipulation constitutes the entire understanding of the parties, and may not be changed unless in a writing signed by both parties or their representatives.

16.     Facsimile signatures shall be deemed originals for all purposes.

IT IS SO AGREED AND APPROVED AS TO FORM AND CONTENT.

Dated this **29TH** day of October, 2013.

Attorneys for Plaintiff                          Attorney for Lee
**McCarron & Diess**                        **Law Offices of Youngsoo Choi, P.C.**

By:                                              By:
Gregory Brown                                    Youngsoo Choi, Esq.
707 Walt Whitman Road, Second Floor             15814 Northern Boulevard, #M15A
Melville, New York 11747                         Flushing, New York 11358
(631) 425-8118                                   (718) 939-0209
gbrown@mccarronlaw.com                           yschoilaw@gmail.com

**SO ORDERED:**

ENTERED this **8TH** day of **NOVEMBER**, 2013.

Hon. Leonard D. Wexler, U.S.D.J.

CENTRAL ISLIP, NY

- 5 -

# EXHIBIT A

- 1 -

| Date | Payment | Accrued Interest | Balance Due |
|---|---|---|---|
| 10/23/2013 | $0.00 | $0.00 | $230,150.75 |
| 11/11/2013 | $52,000.00 | $573.80 | $178,724.55 |
| 11/13/2013 | $2,348.80 | $222.79 | $176,598.54 |
| 11/20/2013 | $1,997.79 | $220.14 | $174,820.89 |
| 11/27/2013 | $1,995.14 | $217.93 | $173,043.68 |
| 12/4/2013 | $1,992.93 | $215.71 | $171,266.46 |
| 12/11/2013 | $1,990.71 | $213.50 | $169,489.25 |
| 12/18/2013 | $1,988.50 | $211.28 | $167,712.03 |
| 12/25/2013 | $1,986.28 | $209.07 | $165,934.82 |
| 1/1/2014 | $1,984.07 | $206.85 | $164,157.60 |
| 1/8/2014 | $1,981.85 | $204.63 | $162,380.38 |
| 1/15/2014 | $1,979.63 | $202.42 | $160,603.17 |
| 1/22/2014 | $1,977.42 | $200.20 | $158,825.95 |
| 1/29/2014 | $1,975.20 | $197.99 | $157,048.74 |
| 2/5/2014 | $1,972.99 | $195.77 | $155,271.52 |
| 2/12/2014 | $1,970.77 | $193.56 | $153,494.31 |
| 2/19/2014 | $1,968.56 | $191.34 | $151,717.09 |
| 2/26/2014 | $1,966.34 | $189.13 | $149,939.88 |
| 3/5/2014 | $1,964.13 | $186.91 | $148,162.66 |
| 3/12/2014 | $1,961.91 | $184.70 | $146,385.45 |
| 3/19/2014 | $1,959.70 | $182.48 | $144,608.23 |
| 3/26/2014 | $1,957.48 | $180.27 | $142,831.02 |
| 4/2/2014 | $1,955.27 | $178.05 | $141,053.80 |
| 4/9/2014 | $1,953.05 | $175.83 | $139,276.58 |
| 4/16/2014 | $1,950.83 | $173.62 | $137,499.37 |
| 4/23/2014 | $1,948.62 | $171.40 | $135,722.15 |
| 4/30/2014 | $1,946.40 | $169.19 | $133,944.94 |
| 5/7/2014 | $1,944.19 | $166.97 | $132,167.72 |
| 5/14/2014 | $1,941.97 | $164.76 | $130,390.51 |
| 5/21/2014 | $1,939.76 | $162.54 | $128,613.29 |
| 5/28/2014 | $1,937.54 | $160.33 | $126,836.08 |
| 6/4/2014 | $1,935.33 | $158.11 | $125,058.86 |
| 6/11/2014 | $1,933.11 | $155.90 | $123,281.65 |
| 6/18/2014 | $1,930.90 | $153.68 | $121,504.43 |
| 6/25/2014 | $1,928.68 | $151.46 | $119,727.21 |
| 7/2/2014 | $1,926.46 | $149.25 | $117,950.00 |
| 7/9/2014 | $1,924.25 | $147.03 | $116,172.78 |
| 7/16/2014 | $1,922.03 | $144.82 | $114,395.57 |
| 7/23/2014 | $1,919.82 | $142.60 | $112,618.35 |
| 7/30/2014 | $1,917.60 | $140.39 | $110,841.14 |
| 8/6/2014 | $1,915.39 | $138.17 | $109,063.92 |
| 8/13/2014 | $1,913.17 | $135.96 | $107,286.71 |

- 1 -

| Date | Payment | Accrued Interest | Balance Due |
|---|---|---|---|
| 8/20/2014 | $1,910.96 | $133.74 | $105,509.49 |
| 8/27/2014 | $1,908.74 | $131.53 | $103,732.28 |
| 9/3/2014 | $1,906.53 | $129.31 | $101,955.06 |
| 9/10/2014 | $1,904.31 | $127.09 | $100,177.84 |
| 9/17/2014 | $1,902.09 | $124.88 | $98,400.63 |
| 9/24/2014 | $1,899.88 | $122.66 | $96,623.41 |
| 10/1/2014 | $1,897.66 | $120.45 | $94,846.20 |
| 10/8/2014 | $1,895.45 | $118.23 | $93,068.98 |
| 10/15/2014 | $1,893.23 | $116.02 | $91,291.77 |
| 10/22/2014 | $1,891.02 | $113.80 | $89,514.55 |
| 10/29/2014 | $1,888.80 | $111.59 | $87,737.34 |
| 11/5/2014 | $1,886.59 | $109.37 | $85,960.12 |
| 11/12/2014 | $1,884.37 | $107.16 | $84,182.91 |
| 11/19/2014 | $1,882.16 | $104.94 | $82,405.69 |
| 11/26/2014 | $1,879.94 | $102.72 | $80,628.47 |
| 12/3/2014 | $1,877.72 | $100.51 | $78,851.26 |
| 12/10/2014 | $1,875.51 | $98.29 | $77,074.04 |
| 12/17/2014 | $1,873.29 | $96.08 | $75,296.83 |
| 12/24/2014 | $1,871.08 | $93.86 | $73,519.61 |
| 12/31/2014 | $1,868.86 | $91.65 | $71,742.40 |
| 1/7/2015 | $1,866.65 | $89.43 | $69,965.18 |
| 1/14/2015 | $1,864.43 | $87.22 | $68,187.97 |
| 1/21/2015 | $1,862.22 | $85.00 | $66,410.75 |
| 1/28/2015 | $1,860.00 | $82.79 | $64,633.54 |
| 2/4/2015 | $1,857.79 | $80.57 | $62,856.32 |
| 2/11/2015 | $1,855.57 | $78.36 | $61,079.11 |
| 2/18/2015 | $1,853.36 | $76.14 | $59,301.89 |
| 2/25/2015 | $1,851.14 | $73.92 | $57,524.67 |
| 3/4/2015 | $1,848.92 | $71.71 | $55,747.46 |
| 3/11/2015 | $1,846.71 | $69.49 | $53,970.24 |
| 3/18/2015 | $1,844.49 | $67.28 | $52,193.03 |
| 3/25/2015 | $1,842.28 | $65.06 | $50,415.81 |
| 4/1/2015 | $1,840.06 | $62.85 | $48,638.60 |
| 4/8/2015 | $1,837.85 | $60.63 | $46,861.38 |
| 4/15/2015 | $1,835.63 | $58.42 | $45,084.17 |
| 4/22/2015 | $1,833.42 | $56.20 | $43,306.95 |
| 4/29/2015 | $1,831.20 | $53.99 | $41,529.74 |
| 5/6/2015 | $1,828.99 | $51.77 | $39,752.52 |
| 5/13/2015 | $1,826.77 | $49.55 | $37,975.30 |
| 5/20/2015 | $1,824.55 | $47.34 | $36,198.09 |
| 5/27/2015 | $1,822.34 | $45.12 | $34,420.87 |
| 6/3/2015 | $1,820.12 | $42.91 | $32,643.66 |

| Date | Payment | Accrued Interest | Balance Due |
|---|---|---|---|
| 6/10/2015 | $1,817.91 | $40.69 | $30,866.44 |
| 6/17/2015 | $1,815.69 | $38.48 | $29,089.23 |
| 6/24/2015 | $1,813.48 | $36.26 | $27,312.01 |
| 7/1/2015 | $1,811.26 | $34.05 | $25,534.80 |
| 7/8/2015 | $1,809.05 | $31.83 | $23,757.58 |
| 7/15/2015 | $1,806.83 | $29.62 | $21,980.37 |
| 7/22/2015 | $1,804.62 | $27.40 | $20,203.15 |
| 7/29/2015 | $1,802.40 | $25.18 | $18,425.93 |
| 8/5/2015 | $1,800.18 | $22.97 | $16,648.72 |
| 8/12/2015 | $1,797.97 | $20.75 | $14,871.50 |
| 8/19/2015 | $1,795.75 | $18.54 | $13,094.29 |
| 8/26/2015 | $1,793.54 | $16.32 | $11,317.07 |
| 9/2/2015 | $1,791.32 | $14.11 | $9,539.86 |
| 9/9/2015 | $1,789.11 | $11.89 | $7,762.64 |
| 9/16/2015 | $1,786.89 | $9.68 | $5,985.43 |
| 9/23/2015 | $1,784.68 | $7.46 | $4,208.21 |
| 9/30/2015 | $1,782.46 | $5.25 | $2,431.00 |
| 10/7/2015 | $1,780.25 | $3.03 | $653.78 |
| 10/14/2015 | $657.63 | $0.81 | $0.00 |

# EXHIBIT B

- 2 -

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
FIERMAN PRODUCE EXCHANGE, INC.,

                                   Case No. 13-cv-5693 (LDW)(ARL)

                Plaintiff,

          - against -                 **FINAL ORDER
                                       AND JUDGMENT**

PT TRUCKING 11 CORP. t/a PT,
FRESH KING, INC. d/b/a ASSOCIATED,
PAK O. AVENUE CORP. d/b/a ASSOCIATED,
JIN IL LEE, EUN JOO LEE and UI K. KIM,

                Defendants.
-----------------------------------------------------------------X

        Pursuant to the terms of the Stipulation and Order, this Court is to enter this Final Order

and Judgment upon the filing of a declaration by Plaintiff's attorney which states that payment

has not been made by Defendant Ui K. Lee a/k/a Ui K. Kim ("Lee") as required by the

Stipulation and Order and Lee has failed to cure the default in payment.  Upon consideration of

the declaration filed by Plaintiff's attorney that Lee has failed to make payment in accord with

the Stipulation and Order filed in this action, it is by the Court, this _____ day of _____,

201___, hereby

        **ORDERED, ADJUDGED, AND DECREED**, that Fierman Produce Exchange, Inc. is a

valid trust beneficiary of defendant Ui K. Lee a/k/a Ui. K. Kim for a debt in the amount of

$_____, plus interest in the amount of $_____ and reasonable attorneys' fees, for a

total judgment amount of $_____ under the trust provisions of the PACA, 7 U.S.C. §

499e(c); and it is further,

        **ORDERED** that Lee, his customers, employees, agents, affiliated entities, successors,

heirs, executors, assigns, banking institutions and factors shall not alienate, dissipate, pay over or

assign any assets of Ui K. Lee a/k/a Ui K. Kim, except for payment to Plaintiff, until further order

- 1 -

of the Court or until Lee pays the balance owed under the previously entered Stipulation and Order by bank check or wire transfer at which time this Order is dissolved; and it is further

**ORDERED** that Lee shall within five (5) business days of service of this Order, turnover any and all funds realized from the sale of produce or products derived from produce in his possession to McCarron & Diess, attorneys for Plaintiff, located at 4530 Wisconsin Avenue, N.W., Suite 301, Washington, D.C. 20016, for distribution to Plaintiff; and it is further

**ORDERED** that any and all funds belonging to Lee, in the possession of third parties shall be immediately turned over to McCarron & Diess, attorneys for Plaintiff, located at 4530 Wisconsin Avenue, N.W., Suite 301, Washington, D.C. 20016, for distribution to Plaintiff; and it is further

**ORDERED** that any and all funds owed to Lee for produce or produce related items, shall be paid directly to McCarron & Diess, attorneys for Plaintiff, located at 4530 Wisconsin Avenue, N.W., Suite 301, Washington, D.C. 20016, when due for distribution to Plaintiff; and it is further

**ORDERED** that Lee shall supply to Plaintiff's attorney, within five (5) days of the date of this Order, any and all documents in connection with his assets and liabilities, and his related and affiliated companies, including, but not limited to, the most recent balance sheets, profit/loss statements, accounts receivable reports, accounts payable reports, accounts paid records and income tax returns.

Dated: _____ _____, 201____

_____
Hon. Leonard D. Wexler, U.S.D.J.

- 2 -

# EXHIBIT C

- 3 -

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
FIERMAN PRODUCE EXCHANGE, INC.,

                     Plaintiff,

          - against -

PT TRUCKING 11 CORP. t/a PT,
FRESH KING, INC. d/b/a ASSOCIATED,
PAK O. AVENUE CORP. d/b/a ASSOCIATED,
JIN IL LEE, EUN JOO LEE and UI K. KIM,

                     Defendants.
------------------------------------------------------------X

Case No. 13-cv-5693 (LDW)(ARL)

**NOTICE OF
VOLUNTARY DISMISSAL
WITHOUT PREJUDICE**

      **PLEASE TAKE NOTICE** that plaintiff Fierman Produce Exchange, Inc. hereby voluntarily dismisses pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) its claims against defendants, PT Trucking 11 Corp. t/a PT, Fresh King, Inc. d/b/a Associated, Pak O. Avenue Corp. d/b/a Associated, Jin Il Lee and Eun Joo Lee, in their entirety and without prejudice and without fees or costs to either side.

Dated: November _____, 2013

                              McCarron & Diess
                              Attorneys for Plaintiff

By:      _____
                    Gregory Brown
                    707 Walt Whitman Road, Second Floor
                    Melville, New York 11747
                    (631) 425-8110
                    gbrown@mccarronlaw.com